Summers, J.
This was a suit by the state to recover from the defendant, now plaintiff in error, a life insurance company organized under the laws of New York, a tax of two and one-half per centum on the premiums received by it, for the five years 1901 to 1905, both inclusive, at the home office in the city .of New York directly from policyholders resident in the state of Ohio and *310 not paid to any agent of the company in the state of Ohio. No question is made as to the tax upon the premiums received by it in the state
The court of common pleas overruled a demurrer to the petition and entered judgment against the company, and on error the judgment was affirmed.
By Section 3604, Revised Statutes, insurance companies organized under the laws of other states, or by act of congress, are required to obtain from the superintendent of insurance a license to do business in this state, and by Section 2745, Revised Statutes, foreign insurance companies are required to pay to the state annually two and one-half per centum of the amount of premiums received by them in the state during the preceding year as a tax upon the business done by them within the state.
The part of the section to be interpreted reads as follows:
“Every insurance company, incorporated by the authority of any other state or government shall, in its annual statement to the superintendent of insurance, set forth the gross amount of premiums received by it in the state during the preceding calendar year, without deductions for commissions, return premiums on considerations paid for reinsurance, or any deductions, whatever; and shall, also, therein set forth, .in separate items, return premiums paid for cancellations and, also, considerations received from other companies for reinsurances in this state, during such year.
“The superintendent of insurance shall examine such report of every such company, and if he finds *311 the same correct, shall, prior to the month of November in each and every year, compute an amount of two and one-half per centum on the balance (of) on such gross amount after deducting such return premiums and considerations received for reinsurances as shown by the next preceding annual statement, and charge (the) to same to such company as a tax upon the business done by it within said state for the period as shown by said annual statement.”
Counsel for the state contend that the tax is not a tax on the premiums but a tax on the privilege of doing business in the state, and that the premiums received by the company for business done in the state, whether received in the state or at its home office, indicate the amount of business done in the state and constitute the basis for determining the amount of the tax. The general assembly might have exacted a per centum of the value of the business done in the state as a tax for the privilege, and then it might be necessary to determine what is business done in the state, or it might have provided that the tax should be a per centum of thé premiums received by the company from business done in the state, or it might have made the amount of the tax determinable on some other basis, but it has not done so, but has expressly provided that the company shall pay two and one-half per centum of the gross amount of premiums (less the specified deductions) received by it in the state. The fact, if it be a fact, that there is no apparent reason why the amount of premiums received in the state, rather than the amount of premiums received from the state, *312 should be the basis of the amount of the tax, or the fact, if it be a fact, that the adoption of the former basis rather than the latter will afford an opportunity to evade the tax, does not empower the courts to change the statute. There is nci ambiguity in the statute, and if there was, the rule is that “statutes imposing taxes and public burdens of that nature are to be strictly construed; and where there is ambiguity which raises a doubt as to the legislative intent, that doubt must be resolved in favor of the subject or citizen on whom the burden is sought to be imposed.” City of Cincinnati v. Connor, 55 Ohio St., 82-91; Pretzinger v. Sunderland, Treasurer, 63 Ohio St., 132-139; Cooley on Taxation, 454. If the statute needs amendment the remedy is with the general assembly. The conclusion is supported by an examination of the changes in the statute. As the section read in the Revised Statutes of 1880, and as it was prior to the amendment of April 29, 1902 (95 O. L., 290), the agency of such company in the several counties was required to return to the county auditor the amount of the premium receipts of the ageñcy and the company was required to pay to the county a tax upon that amount at the same rate that was levied upon other personal property.' The basis of the tax was the premium receipts of the agencies, and not the premium receipts of the company from the state. In 1902 the section was changed so as to require the company to report the premiums received by it in the state and to pay to the state a per centum of that amount. There is nothing in the amendment of 1902, or in the subsequent *313 amendments, to indicate an intention to change the basis of the tax, but the manifest purpose was merely to divert the revenue from the county treasuries to the state treasury, which was effected by requiring the companies to report to the superintendent of insurance premiums received by it in the state, in lieu of the requirement that the agencies in the respective counties should report to the county auditors the premium receipts of the agencies. Whether the amount of premiums received in the state, rather than from the state, was made the basis of the tax upon an assumption that that was the extent of the business done in the state, or from oversight, or for convenience in bookkeeping, or for other reasons, is, as already suggested, so far as it may affect our determination, merely idle conjecture.
The judgments are reversed, the demurrer sustained and the cause remanded.

Reversed.

Crew, C. J., Spear, Davis, Shauck and Price, JJ-, concur.